DANIEL C. COHEN, AZ # 032552
**COHEN & MIZRAHI LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Haro,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Experian Information Solutions, Inc,<br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Benjamin Haro ("Plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. Defendant Experian has been reporting inaccurate account balance and amount past due information on Plaintiff's credit reports. Although Plaintiff disputed the reporting in writing, Experian failed to investigate Plaintiff's claims and failed to remove the misleading information.

2. To make matters worse, Defendants then penalized Plaintiff for submitting a dispute by changing key dates on Plaintiff's First Premier account to make an old delinquency appear more recent. Specifically, Defendants changed the "Date of Status" field on the First Premier account from January 2017 to May 2018. That field, however, informs prospective creditors of the date a delinquency occurred, and reflects a static date that should not change. Defendants thus made it appear that Plaintiff's delinquency occurred more recently, which adversely affected Plaintiff's credit score.

3. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Experian report, and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

4. The claims asserted in this complaint arise under §1681e and §1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**PARTIES**

6. Plaintiff resides in Glendale, Arizona, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1681a(c). Plaintiff is an individual.

7. Defendant Experian is a foreign corporation that regularly conducts business in this judicial district. Experian qualifies as a "consumer reporting agency" under the FCRA.

**SUBSTANTIVE ALLEGATIONS**

**The FCRA**

8. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. §1681a.

9. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

10. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

11. Experian compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

12. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA.

**Defendants violated the FCRA and Damaged Plaintiff**

13. Experian sold credit reports containing inaccurate amount past due information on Plaintiff's First Premier account.

14. On April 17, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Experian's FCRA compliance division. The dispute letter also asked Experian to verify the date the account was opened, the date of status, and the date the account was first reported.

15. Experian notified First Premier of Plaintiff's dispute letter, as required by federal statute.

16. Experian however, failed to conduct an investigation and failed to correct the reporting.

17. To make matters worse, Experian changed the date of status field and payment history grid on Plaintiff's credit report from January 2017 to May 2018 to make Plaintiff's past delinquency appear more recent.

18. Those fields, however, reflects static dates that should never change. By re-aging the account to reflect a more recent delinquency, Experian adversely affected Plaintiff's credit score and perceived creditworthiness.

19. Plaintiff was later denied the extension of further credit on the basis of the inaccurate reporting.

**Experian Failed to Maintain Adequate Policies and Procedures**

20. Experian systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to ensure the maximum possible accuracy of the information in the consumer background reports it published.

21.     Upon receiving Plaintiff's dispute, Defendant was legally required, but failed, to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

22.     Accordingly, Plaintiff is entitled to damages.  Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

### COUNT I

**Against Experian for Violations of the FCRA, 15 U.S.C. §1681e and §1681i**

23.     Plaintiff repeats and realleges the foregoing allegations as set forth in full herein.

24.     The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*
>
> 15 U.S.C. §1681e(b) (emphasis added).

25.     Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added).

26. Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

27. Experian's willful and/or negligent failure to follow reasonable policies and procedures, failure to perform a reasonable investigation and failure to remove the inaccurate information was a direct and proximate cause of Plaintiff's injury.

28. Experian also failed to maintain adequate procedures to ensure that improper changes were not made to Plaintiff's credit report.

29. As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: April 26, 2021                    Respectfully submitted,

**COHEN & MIZRAHI LLP**

/s/ Daniel Cohen

Daniel C. Cohen, AZ # 032552
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal

*Attorneys for Plaintiff*